UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EUGENE ADAMS, Legal Guardian for Ashlie Earhart                                PLAINTIFF

v.                                                                                       Civil ACTION NO. 3:05CV-120-S

HONDA MOTOR COMPANY, LTD., et al.                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, American Honda Motor Company, Inc. ("AHM"), to transfer venue to the United States District Court for the District of Kansas, Topeka Division.

This action arose from a motor vehicle accident which occurred in Geary County, Kansas on April 4, 2004. Ashlie Earhart ("Ashlie"), a minor, was a passenger riding in the backseat of the Honda Civic automobile which was involved in the accident. Ashlie was seriously injured when she was thrown through the rear window of the vehicle allegedly as a result of the seatbelt failing. Ashlie was a Kansas resident at the time of the accident, as were the driver and other passenger.

Ashlie now resides in Kentucky with her grandfather and legal guardian, Eugene Adams. Ashlie was rendered paraplegic in the accident. She requires significant medical care for her condition which is provided in Louisville.

Adams, on his minor granddaughter's behalf, filed this product liability action in this court alleging that the center rear seat lap belt was defective and unreasonably dangerous. AHM has moved to transfer venue to Kansas.

The burden rests with AHM to establish that transfer of venue is proper under 28 U.S.C. § 1404(a) and that the factors weigh strongly in favor of the request. The court begins with the

premise that the plaintiff's choice of forum is to be respected.  15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3848 (1986).

> "Under 28 U.S.C. § 1404(a), a district court has broad discretion to grant or deny a motion to transfer [a] case." [citations omitted]..."[A] district court should consider the private interests of the parties, including their convenience and the convenience of the potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  These private and public interests include the plaintiff's choice of forum, location of documents, convenience of witnesses, possibility of prejudice in either forum, and the practical problems associated with trying the case expeditiously and inexpensively. [citation omitted].

*Cinemark USA, Inc.*, 66 F.Supp.2d at 886-87.

In giving consideration to plaintiff's choice of forum, however, it is of reduced significance where the facts bear little connection to the chosen forum.  *Arrow Electronics, Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 265 (S.D.N.Y. 1989)(citation omitted).  The cost of obtaining willing witnesses, and availability of process to compel the attendance of unwilling witnesses are also factors to be considered.  *See, Moses v. Business Card Express, Inc.*, 929 F.2d 1131 (6th Cir.), *cert. denied,* 502 U.S. 821(1991); *Bacik v. Peek*, 888 F.Supp. 1405 (N.D. Ohio 1993); *Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393 (E.D.Mich. 1994).

The court finds, in its discretion, that the interests weigh strongly in favor of transfer in this instance.  There is little beyond Adams' choice of forum to recommend that the case remain in this jurisdiction.  The accident occurred in Kansas, the investigating officers, medical personnel, and other fact witnesses besides the plaintiff reside in Kansas.  The considerations of the convenience of witnesses and the relative ease of access to sources of proof are persuasive under the facts of this case.  In addition, the relative cost to obtain willing witnesses and access to process for obtaining the testimony of unwilling witnesses are interests which would be best served were Kansas the forum for this suit.  *See, Arrow Electronics*, 724 F.Supp. at 266.  We find the considerations in favor of transfer to be controlling.

Adam's choice of forum, Ashlie's current residence with her grandparents and her ongoing medical care in Kentucky have been taken into consideration in applying the interests of justice calculus. However, Ashlie's current ties to Kentucky do not outweigh the significant issues concerning access to witnesses and evidence. Ashlie was not a ward of her grandparents at the time of the accident. She resided with her mother in Kansas and was in school there. Venue is clearly proper in Kansas where Ashlie resided, where the accident occurred, and where non-party witnesses can be compelled to testify. As noted in *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 511, 67 S.Ct. 839, 844, 91 L.Ed. 1055 (1947),

> Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants. Nor is it necessarily cured by the statement of plaintiff's counsel that he will see to getting many of the witnesses to the trial and that some of them "would be delighted to come to new York to testify." There may be circumstances where such a proposal should be given weight. In others the offer may not turn out to be as generous as defendant or court might suppose it to be. Such matters are for the District Court to decide in exercise of a sound discretion.

*See also, Grand Kensington, LLC v. Burger King Corporation*, 81 F.Supp2d 834 (E.D.Mich. 2000). The plaintiff attempts to cast the litigation as solely relating to the design and purported failure of the seatbelt. However, AHM contends that evidence relating to the accident is highly relevant as there is a question of fact as to whether Ashlie was wearing a seatbelt at the time of the accident. We cannot evaluate the evidence concerning this matter on a motion to transfer venue. However, it is of significance to this court that the documentary evidence submitted by AHM suggests that such a factual issue indeed exists. This question as to the mechanisms of the accident and Ashlie's injuries makes transfer to Kansas all the more compelling in this court's view.

Motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, American Honda Motor Company, Inc., to transfer venue (DN 9) is **GRANTED**

- 4 -

and this matter is **TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, TOPEKA DIVISION, FOR ALL FURTHER PROCEEDINGS**. The Clerk of Court shall transfer the file to that court upon entry of this order.

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED**.